(85 App. Div. 251.)

PEOPLE ex rel. COURTNEY v. UNGER et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. JUDGMENT AWARDING PEREMPTORY WRIT OF MANDAMUS—CONCLUSIVENESS.
    C. obtained a peremptory writ of mandamus requiring defendants, a board of canvassers, to count a ballot cast at a town meeting, and rejected by them. Thereupon F., who was not a party to the proceeding, secured an alternative writ directing defendants to reconvene and recanvass the votes and reject the ballot, which they did. C. then moved for and secured an order setting aside the alternative writ and all proceedings had thereunder, and from such order defendants appealed. *Held*, that defendants were bound by the determination in the proceeding in which the peremptory writ was granted, and had no grievance to present to an appellate court.
    Parker, P. J., dissenting.

Appeal from Special Term, Hamilton County.

Mandamus by the people, on the relation of William N. Courtney, against George Unger and others, as board of inspectors and canvassers of the town of Arietta. From an order vacating and setting

aside the alternative writ granted herein, and all proceedings of said board of canvassers thereunder, defendants appeal. Appeal dismissed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Eugene D. Scribner, for appellants.

Frank L. Anderson (Andrew J. Nellis, of counsel), for respondent.

SMITH, J. This proceeding, although entitled as "The People ex rel. William N. Courtney," seems to have been instituted upon the relation of one Lee N. Foote, who was a candidate for an office at the town meeting of the town of Arietta held upon the 19th day of March, 1901. The petition of said Foote recites the application for the writ of mandamus issued in a proceeding similarly entitled, an appeal in which has been at this term dismissed. 83 N. Y. Supp. 83. It recites that the board of canvassers, in pursuance of the direction in the said peremptory writ of mandamus, had reconvened and recanvassed the votes and had counted the vote so claimed to be void; and that the petitioner was injured thereby, and prayed for a writ of mandamus requiring the said board to again reconvene and to again recanvass the votes and reject the said ballot. Thereupon an alternative writ was issued, which directed the said board of canvassers to reconvene and recanvass said votes and reject said ballot, or show cause at a time thereafter specified why the same should not be done. Pursuant to that alternative writ, the said board again reconvened, and again recanvassed the vote, and rejected the said ballot, and declared the result as it was first declared. Thereupon the relator, Courtney, in the first proceeding, moved, at a court held by the justice granting the alternative writ, to vacate the same, and to set aside all proceedings had thereunder. This motion was sent before Mr. Justice Russell, who had granted the peremptory writ of mandamus, and after the hearing of the motion an order was made setting aside the alternative writ and all proceedings had thereunder. From this order an appeal has been taken by the board of canvassers.

The argument of the appellants is that Foote was not a party to the first proceeding, and that, the said board having acted, and having counted said ballot, and declared the result upon such recount, he was in a position where his only remedy was to procure this writ for a recount, having the same right that he would have had if the original count had been the same as that made in pursuance of the peremptory writ of mandamus. We do not deem it necessary to discuss what the remedy of Foote would have been for what he claimed to be an erroneous canvass made pursuant to an order in a proceeding to which he was not a party. It would seem as though this proceeding should have been entitled upon the relation of Foote, for it was upon his relation, and to procure relief in his behalf, the proceeding was instituted. Waiving this question, however, and assuming, for the argument, Foote had a right to this alternative writ of mandamus, he has not appealed from the order of the Special Term. The parties appealing here are the board of canvassers, who were parties to the peremptory mandamus in the proceeding cognate hereto. They are bound by the determination in that proceeding, and have no grievance

here to present to an appellate court. The appeal, therefore, should be dismissed, with $10 costs and disbursements.

Appeal dismissed, with $10 costs and disbursements. All concur, except PARKER, P. J., who dissents.